Case 08-10982    Filed 09/03/08    Doc 39

FILED
SEP - 3 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

<u>NOT FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re | Case No. 08-10982-B-7 |
| Aurelio Barajas and<br>Celia J. Ramirez Rodriguez, | DC No. RF-2 |
| Debtors. | |

**MEMORANDUM DECISION REGARDING CREDITOR'S
MOTION TO DISMISS**

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.**

Ralph Friesen, appeared *pro se* ("Mr. Friesen").

Peter B. Bunting, Esq., appeared on behalf of the debtors, Aurelio Barajas and Celia J. Ramirez Rodriguez (the "Debtors").

Beth Stratton, Esq., appeared in her capacity as the chapter 7 trustee (the "Trustee").

Before the court is Mr. Friesen's motion to dismiss the Debtors' bankruptcy case (the "Dismissal Motion"). Mr. Friesen holds an unsecured claim for personal injuries sustained in an automobile accident. He raises numerous issues relating to the Debtors' "good faith." For the reasons set forth below, the Dismissal Motion will be denied.

The court has jurisdiction over these matters under 28 U.S.C. § 1334 and 11 U.S.C. § 707(a),[1] and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This memorandum decision contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052, made applicable to these contested matters by Federal Rule of Civil Procedure 52.

**Background and Facts.**

<u>Mr. Friesen's Claim.</u> In October 2004, Mr. Friesen was injured in a collision with an automobile driven by co-debtor Celia Rodriguez ("Mrs. Rodriguez"). In February 2005, Mr. Friesen filed a civil lawsuit in Fresno County Superior Court against Mrs. Rodriguez for personal injuries resulting from the accident (the "State Court Litigation"). There is no evidence that Mrs. Rodriguez was insured at the time. Mr. Friesen filed an unsecured claim in this case for $500, which appears to be an error.[2] No judgment was entered in the State Court Litigation and Mr. Friesen's claim remains unliquidated.

Also, in early 2005, the Debtors refinanced their home with a loan in the amount of $104,000. They took cash out of the equity in the approximate amount of $30,000. In July 2005, the Debtors recorded a Declaration of Homestead for their home.

<u>The Prior Chapter 13.</u> Mr. Friesen states in his pleadings that the State Court Litigation was set for trial on May 1, 2006. Debtors filed a petition for chapter 13 relief (case number 06-10598-B-13) on May 8, 2006, before the state court could render a decision in the State Court Litigation. The State Court Litigation was automatically

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated on or after October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

[2] The court notes that Mr. Friesen's claim for $500 in Debtors' chapter 7 case was submitted in absence of any solicitation by any notice of assets by the Trustee. Mr. Friesen's claim in the chapter 13 case was in the amount of $500,000.

2

stayed when the Debtors filed their chapter 13 bankruptcy petition.

In their chapter 13 schedules, the Debtors listed secured debts in the amount of $103,040 and unsecured debts in the amount of $36,935.81. The Debtors listed Mr. Friesen as a creditor holding an unliquidated unsecured nonpriority claim in the estimated amount of $25,000 based on the State Court Litigation. Mr. Friesen filed an unsecured nonpriority claim in the amount of $500,000. On January 10, 2007, this court confirmed the Debtors' second modified chapter 13 plan over Mr. Friesen's strong objection. However on September 12, 2007, the Debtors' chapter 13 case was dismissed because they failed to make plan payments.

The Chapter 7. The Debtors filed this petition under chapter 7 on February 27, 2008.[3] Mr. Friesen timely filed an unsecured claim in the case for $500. The Trustee completed the meeting of creditors and filed her Report of No Distribution on April 14, 2008. It was approved by the court July 9, 2008, over Mr. Friesen's objection. Mr. Friesen now seeks to have the chapter 7 case dismissed so that his claim will not be discharged. Mr. Friesen has not sought a determination that the claim should be excepted from discharge under any applicable law.

**Issues Presented.**

Mr. Friesen moves to dismiss this case on numerous grounds which can be summarized as follows: 1) that the Debtors filed their bankruptcy case for an improper purpose: "to hinder and delay a pending state court case action against them"; 2) that the Debtors filed their petition in bad faith, in that their prior chapter 13 was dismissed for failure to make plan payments; 3) that the Debtors are not eligible to be debtors in chapter 7 because of "willful failure and lack of diligence of the debtors to abide by the court-ordered chapter 13 plan"; 4) that the Debtors are serial bankruptcy filers; 5) that the Debtors were not eligible for relief under chapter 7 pursuant to § 109, which "prevents

---

[3]On August 30, 1999, the Debtors filed a petition for chapter 7 relief (case number 99-17784). They received their chapter 7 discharge on December 9, 1999. Under § 727(a)(8), they became eligible for another chapter 7 discharge as of August 30, 2007.

3

the debtors from filing another bankruptcy petition within the previous one hundred eighty (180) days"; and 6) that the Debtors submitted "false and misleading information in their bankruptcy petition regarding financial statements and schedules." The court has addressed the issue of bad faith in an earlier memorandum decision in connection with Mr. Friesen's motions and objections in the Debtors' chapter 13 case.

**Analysis.**

Mr. Friesen alleges that the Debtors filed their chapter 7 case for an improper purpose, specially to stop the pending civil action in the state court. However, the filing of a case to stop a pending state court action is not, *per se*, an "improper purpose." Debtors are frequently forced to seek bankruptcy protection from catastrophic civil litigation. The automatic stay of § 362(a) and the discharge injunction of § 727 specifically address that issue. Mr. Friesen has produced no evidence that the case was, indeed, filed for any purpose other than to get the "fresh start" that the Bankruptcy Code contemplates.

Mr. Friesen contends that the Debtors tried to shelter assets and filed their bankruptcy petition in bad faith. Specifically, he objects to the fact that the Debtors obtained a 2005 income tax refund in the amount of $1,850 and that the Debtors refinanced their home after the automobile accident, cashed out the equity, and recorded a homestead declaration on their home. Mr. Friesen also contends that the Debtors failed to disclose material information in their schedules when they did not list two prepetition bank accounts. Mr. Friesen first brought these facts to the attention of the Trustee in his opposition to the Trustee's Report of No Distribution and the court gave the Trustee additional time to investigate the issues. The Trustee has informed the court that the bank accounts had very low balances which she would not have administered in any case. In addition, the Trustee determined that the tax refund was received and spent prepetition and that the Debtors no longer had funds remaining from the refinance of their home two years earlier. There is no evidence to suggest that the Debtors have been hiding significant assets. Debtors facing serious financial difficulty commonly have to use

available cash on hand, such as home equity and/or an income tax refund, to pay for basic living expenses. This is not, *per se*, an improper use of assets and it does not support an inference of "bad faith."

Finally, Mr. Friesen contends that the dismissal of the Debtors' prior chapter 13 case establishes some element of bad faith and makes the Debtors ineligible to be in chapter 7. However, chapter 13 debtors maintain a nearly absolute right to dismiss their case at will. Similarly, they had an almost absolute right to convert the chapter 13 case to chapter 7 and avoid the need to refile altogether. The fact that they were unable to make chapter 13 plan payments does not bar them from seeking relief in a new chapter 7.

Any issues with regard to the Debtors' actual "disposable income" were, or will be considered by the United States Trustee in evaluating Debtors' eligibility for a chapter 7 discharge. Mr. Friesen's points in connection with § 109(g) are misplaced. There is nothing in the record of this case, or the prior chapter 13 case, to suggest that the Debtors willfully failed to abide by orders of the court or appear before the court. §109(g)(1). Likewise, the Debtors did not request dismissal of the prior chapter 13 case to stop the prosecution of a motion pursuant to § 362 for relief from the automatic stay. § 109(g)(2).

**Conclusion.**

The court certainly understands Mr. Friesen's anger and frustration at having his claim subjected to the provisions of the Bankruptcy Code. However, every honest debtor facing overwhelming economic hardship is entitled to a "fresh start" under federal law. On the evidence presented, the court is not persuaded that the Debtors have filed their petition in bad faith, that they have hidden assets, or that they have been dishonest in the preparation of their schedules and their claim of exemptions. Accordingly, Mr. Friesen's Dismissal Motion will be denied.

Dated: September _3_, 2008

W. Richard Lee
United States Bankruptcy Judge